UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00708-FDW-DSC

| | |
|---|---|
| MONTEZ DENARD HARRIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EQUIFAX, )<br>)<br>Defendant. )<br>)<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Default, (Doc. No. 9), and Motion for Default Judgment, (Doc. No. 8). For the reasons that follow, these Motions are DENIED, and this matter is DISMISSED WITHOUT PREJUDICE to file a new action against Defendant Equifax.

## BACKGROUND

Plaintiff, who appears pro se, filed this action on September 22, 2020, against Defendant Equifax alleging a cause of action for violation of the Fair Credit Reporting Act and for invasion of his right to privacy under North Carolina law.[1] In short, Plaintiff alleges he is a consumer and Defendant is a consumer reporting agency ("CRA") that is reporting "fraudulent information" on his credit report. Plaintiff alleges he has sent communications to Defendant disputing these debts and repeatedly asking Defendant to verify them. Plaintiff alleges Defendant willfully failed to comply with the Fair Credit Reporting Act and remove the erroneous collection account from his

---

[1] On initial review pursuant to 28 U.S.C. § 1915(e), the Court dismissed Plaintiff's purported claim under the Federal Dept Collection Practices Act for failure to state a claim upon which relief can be granted. (Doc. No. 1, p. 4).

1

report, repeatedly failed to properly reinvestigate, and failed to properly verify the debt. Plaintiff alleges that Defendant acted willfully, intentionally, and with malice and evil motive. Plaintiff alleges that he has spent over 1,000 hours trying to have the debt removed from his report and that the error has negatively affected his credit rating, resulted in the denial of a credit card and SBA loan, and resulted in a high debt to income ratio. Plaintiff further alleges that his whole family relies on him for credit and that the false information has resulted in the denial of credit for which he has applied. Plaintiff's Complaint appears to seek declaratory judgment, compensatory and punitive damages, and such other relief as it deems just, and a jury trial.

The Summons, attached to the Complaint, was addressed to "Equifax, P.O. Box 740241, Atlanta, GA 30374." (Doc. No. 1-1). Plaintiff also simultaneously filed an Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court granted and directed the United States Marshal to serve process upon Defendant with the Summons that Plaintiff submitted with his Complaint. (Doc. Nos. 3, 4). The United States Marshal submitted Process Receipt and Return indicating service via certified mail in March 2021 to the exact name and address provided on the Summons. (Doc. No. 5). Defendant has never responded to the Complaint or otherwise appeared in this matter.

Plaintiff made no effort to prosecute this case for nearly ten months, resulting in this Court's issuance of a Show Cause Order on April 25, 2022. (Doc. No. 6). That Order directed Plaintiff to respond within fourteen (14) calendar days why his complaint against Defendant should not be dismissed for failure to prosecute. In response to that Show Cause Order and outside the time frame allowed by the Court, Plaintiff filed the instant motions seeking entry of default for Defendant's failure to response, a default judgment in the amount of a "sum certain" of $180,000,

2

and an order directing Defendant to correct the inaccurate information appearing for accounts with the Navy Federal Credit Union and Lending Club Corp. (Doc. Nos. 8, 9).

On November 28, 2002, and while the motions for entry of default and default judgment were pending, Plaintiff filed a "Move and/or Motion For Immediate Constitutional Or/And *Equitable* Treaty Relief in Actual Damages And/Or Any Labor Credits Withheld." (Doc. No. 10). This document appears to supplement his initial claim for damages by now stating a sum certain of $460,000 and also appears to amend the Complaint to add additional claims against Defendant based on recent denials of credit. Plaintiff also attaches several documents, including what appears to be his birth certificate, a denial of a request for credit, and various communications that appear to have been sent to Defendant at various Post Office Box addresses in Atlanta, Georgia. Exhibit F is a document that states, "Montez Denard Harris is a Fictitious Name registered with the Department of State" in the State of Florida. (Id. at pp. 24-26). Plaintiff provides no explanation for this Exhibit F in any of his filings.

## ANALYSIS

Under the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thus, the party seeking entry of default must produce sufficient evidence to demonstrate not only that the adverse party has failed to respond, but also that they were properly served. Here, Defendant has failed to respond or appear in any way. The issue before the Court, then, is whether Plaintiff has properly served Defendant pursuant to the Federal Rules of Civil Procedure. This turns first on whether the method of service was proper, and then on whether the proof of service is sufficient.

3

Federal Rule of Civil Procedure 4(h) describes the acceptable methods of service for a corporation. Fed. R. Civ. P. 4(h). Rule 4(h) requires that service be made "(A) in the manner proscribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the Summons and of the Complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the Defendant." Id. Rule 4(e)(1) permits service "following state law for serving a Summons in an action brought in courts of general jurisdiction in the state where the District Court is located or where service is made." FED. R. CIV. P. 4(e)(1). As for state law, in North Carolina, where this Court is located, and Georgia, where service was made, the summons and complaint must be served together on any individual or corporation. See N.C. R. Civ. P. Rule 4(j)(1); G.A. Code Ann. § 9-11-4(e). For service on corporations, the two states require service on an authorized agent appointed by law or statute. See N.C. R. Civ. P. Rule 4(j)(6); G.A. Code Ann. § 9-11-4(e)(1)(A).

Here, the record indicates the Summons prepared by Plaintiff did not sufficiently direct the Marshal to serve an authorized agent for the corporate defendant. Thus, service was insufficient under Federal, North Carolina, and Georgia law. While the Marshal's return of service suggests that service was effectuated, it was not addressed to an officer, a managing or general agent, or agent authorized by law or statute to accept service. Accordingly, the record here fails to show Plaintiff has properly served Defendant, and Plaintiff is therefore not entitled to entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Of course, this means the Motion for Default Judgment must also be denied.

Before addressing whether to *sua sponte* allow Plaintiff additional time to cure the deficiencies in service here, the Court turns to Plaintiff's recent filing, which appears to assert new—and related—claims against Defendant. (Doc. No. 10). In order for these allegations to properly become part of this case, Plaintiff would need to amend his complaint, which he can do at this stage with or without leave of Court because Defendant has not yet appeared or filed a responsive pleading. See Fed. R. Civ. P. 15. Liberally construing the pleading entitled, ""Move and/or Motion For Immediate Constitutional Or/And *Equitable* Treaty Relief in Actual Damages And/Or Any Labor Credits Withheld," the Court concludes this was Plaintiff's attempt to amend once as a matter of course. The document, however, fails to reassert or incorporate by refence the allegations set forth in the original Complaint.

**Accordingly, the Court directs Plaintiff to file a complete Amended Complaint that includes all claims and allegations against Equifax.** This must be filed **no later than December 15, 2022.** Plaintiff is cautioned that absent extraordinary circumstances, no further amendments to the complaint are likely to be allowed.

In light of this ruling, the Court, in its discretion, will extend time for Plaintiff to serve Defendant Equifax. Therefore**, Plaintiff must submit a new Summons** and is required to provide the necessary information for the U.S. Marshal to effectuate service on Defendant. **This must also be filed no later than December 15, 2022.** Once the Court receives the summons and Amended Complaint from Plaintiff, the U.S. Marshal shall effectuate service upon Defendant.

**<u>Plaintiff is cautioned that failure to comply with these directives and within the deadlines set forth herein will result in summary dismissal of the claims without prejudice.</u>**

5

Case 3:20-cv-00708-FDW-DSC    Document 11    Filed 12/01/22    Page 5 of 6

IT IS THEREFORE ORDERED Plaintiff's Motion for Default Judgment, (Doc. No. 8), and Motion for Entry of Default, (Doc. No. 9), are DENIED.

IT IS FURTHER ORDERED that Plaintiff SHALL FILE by December 15, 2022, a new, complete Amended Complaint that includes all claims and allegations against Defendant. The Clerk is respectfully DIRECTED to mail a summons form to Plaintiff for Plaintiff to fill out for Defendant. Plaintiff SHALL FILE a completed summons by December 15, 2022. Once the Court receives the summons and Amended Complaint from Plaintiff, the U.S. Marshal shall effectuate service upon Defendant.

IT IS SO ORDERED.

Signed: December 1, 2022

Frank D. Whitney
United States District Judge